## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JORGE A BEJARANO OROZCO,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. 26–cv–02943–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioner Jorge A Bejarano Orozco's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1) and this Court's March 24, 2026 order (ECF No. 3.) Respondents oppose the Petition. (ECF No. 5.)

1.    Petitioner is a citizen of Colombia. (ECF No. 1 ¶ 14.) He entered the United States on April 19, 2024. (ECF No. 1–3 p. 2.)

2.    The Department of Homeland Security (Department) issued petitioner a Notice to Appear (Notice) on May 3, 2024 stating that petitioner was "present in the United States" without being admitted or paroled. (*Id.*)

3.    Petitioner was subsequently released on parole pursuant 8 U.S.C. § 1182(d)(5)(A) on July 12, 2024. (ECF No. 1 ¶ 2.) The parole document indicated that petitioner's parole would last for one year and would "automatically terminate upon [his] departure or removal from the United States or at the end of the one-year period unless" Immigration and Customs Enforcement (ICE) extended the parole. (ECF No. 1–3 p. 2.)

4.    He applied for asylum and for withholding of removal on June 17, 2024. (*Id.* ¶ 4.)

5.    Petitioner was detained by ICE at a routine check-in on November 30, 2025. (*Id.* ¶ 6.)

6.    Petitioner's asylum application was terminated by an immigration judge on January 22, 2026. (ECF No. 5–8.) He was ordered removed to Ecuador or Honduras. (*Id.* p. 4.)

7.   Petitioner filed an appeal with the Board of Immigration Appeals (BIA) on February 3, 2026.   (ECF No. 5–9.)   The appeal remains pending.[1]

8.   Petitioner filed this Petition on March 21, 2026.   (ECF No. 1.)   He asserts that respondents violated his due process rights in arresting and detaining him without following the procedures for terminating his parole. (*Id.* ¶¶ 19, 20, 21.)   He also argues his continued detention cannot be justified pursuant to 8 U.S.C. § 1225(b)(2) and may only be justified, if at all, pursuant to 8 U.S.C. § 1226.   (*Id.* ¶¶ 31, 32, 36.)

9.   Respondents filed an answer on March 27, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because "he was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) had a credible-fear screener interview for an asylum claim, where he was found to have a credible fear claim."   (ECF No. 5 p. 3.)

10.   Petitioner was apprehended shortly after crossing the border and was provided humanitarian parole under 8 U.S.C. § 1182(d)(5)(A).   (ECF No. 1 ¶ 2.)

11.   However, "[t]he fact that [p]etitioner was eventually paroled does not mean that he was originally detained pursuant to § 1225(b)."   *Dabre v. Soto, et al.*, No. 26–cv–02142, 2026 WL 699934, at *3 n.3 (D.N.J. Mar. 12, 2026); *see also Chanaguano Caiza v. Scott*, No. 1:25–cv–00500, 2025 WL 3013081, at *6 (D. Me. Oct. 28, 2025) ("[I]t does not necessarily follow that all those paroled under [8 U.S.C. § 1182(d)(5)(A)] were detained under § 1225 in the first instance.")

12.   The Notice issued on May 3, 2024 identified petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled."   (ECF No. 1–3 p. 2 (emphasis added).)   "That language aligns with § 1226(a), not § 1225(b)(1)."   *Dabre*, 2026 WL 699934, at *2.   Therefore, it seems from the record that the Department "has consistently treated [petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents' claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483–84 (S.D.N.Y. 2025) (emphasis in original).

13.   At the conclusion of his parole, petitioner was "restored to the status that [he] had at the time of parole," 8 C.F.R. § 212.5(e)(2), *i.e.*, a noncitizen already present in the county.

---

[1] The pending appeal means that the removal order is not final.

14.    The basis for the petitioner's continued "detention [was] blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [petitioner] is to immediate[ly] release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).   "[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained … ."   *Id.* at 366.

15.    I decline to allow respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests." *Id.* at 373; *see also Lopez Benitez*, 795 F. Supp. 3d at 486 (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n. 8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

Accordingly,

**IT IS** on this    **9th** day of **April 2026**   **ORDERED** that:

1.    Petitioner's § 2241 Petition is **GRANTED**.   Within **24 hours** of this Order's entry, Respondents shall **RELEASE** Petitioner under the same conditions, if any, that existed prior to his detention, including, but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2.    Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or

affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3.      Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4.      Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining petitioner under § 1225, which this Court has found inapplicable to him.

5.      Respondents shall not arrest, detain, or otherwise take petitioner into custody under 8 U.S.C. § 1226(a) for a period of **14 days** following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted.

6.      Any future detention or re-detention of petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process.

7.      To the extent that respondents seek to re-arrest or otherwise re-detain petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over the matter and petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition.

8.      The Clerk shall **CLOSE** this case.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4